FILED
2014 Dec-22  AM 09:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

*2014 DEC 19 P 4:09  Southern Division*

| | | |
|---|---|---|
| HELMETS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| UNIVERSAL CONCORD CO., INC., and | ) | CV-14-K-2446-S |
| ZHIYONG XU, | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

**COMES NOW**, Helmets, Inc., (hereinafter "Plaintiff" or "Helmets") and files this present class action against Universal Concord, Inc., (hereinafter "Universal") and Zhiyong Xu (hereinafter "Xu"), seeking damages and injunctive relief pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, as amended by the Junk Fax Prevention Act of 2005 (hereinafter "the Act"), and allege the following:

### I.    PARTIES

1. Plaintiff Helmets is a corporation organized and validly existing under the laws of the State of Alabama. Plaintiff's offices are located in Jefferson County, Alabama.

2. Defendant Universal is a corporation organized and validly existing under the laws of the State of California. Plaintiff's offices are located in Los Angeles County, Alabama. Upon information and belief, Defendant Universal's primary activities involve advertising to persons and entities in an effort to generate sales leads for their transportation and freight business. Defendant solicits business in Alabama.

3. According to information and belief, Defendant Xu is a resident of the State of California. Defendant Xu is the President of Universal, and in his capacity as President, had knowledge of and was involved in the unlawful conduct complained of herein.

### II.    JURISDICTION AND VENUE

4. This Honorable Court has jurisdiction over the subject matter of the federal claims asserted herein pursuant to 28 U.S.C.§1331 (federal question), and pursuant to the Act.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) as a substantial part of the events giving rise to the claim occurred in this District.

6. Defendants have purposely availed themselves of this Honorable Court by conducting activities in this forum- namely sending unsolicited facsimiles to Plaintiff and to putative class members.

1

### III.    BACKGROUND

7.    In 2009, the Junk Fax Prevention Act was signed into law, and served to amend the Telephone Consumer Protection Act of 1991 to prohibit fax transmissions containing unsolicited advertisement.

8.    Specifically, the Act makes it unlawful for Defendant Universal to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

9.    An unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. §227(a)(5).

10.   Even with consent, the Act requires an opt-out notice. The Act makes it unlawful for Defendants to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States where said advertisement fails to provide the recipient with  a cost-free mechanism to opt out of receiving said transmissions in the future. 47 U.S.C. §227(b)(1)(C)(iii).

11.   Numerous courts have held that individuals acting on behalf of a corporation may be held personally liable for violations of the Act where they had direct, personal participation in, or personally authorize the conduct found to have violated the Act, or where they set company policy and oversaw day-today operations that violate the Act.

12.   The Act provides a private right of action to enforce its provisions. 47 U.S.C. §227(b)(3).

### IV.    FACTUAL OVERVIEW

13.   According to information and belief, Defendant Universal utilizes "fax blasting" activities, to solicit transportation and freight business.

14.   According to information and belief, Defendant Universal's "fax blasting" activities include the transmission of thousands of unsolicited facsimiles throughout the country, including to telephone facsimile machines located in the State of Alabama, in an intentional and persistent course of conduct, to Plaintiff and the putative class members.

15.   Said activities directed to Plaintiff's facsimile machines and other facsimile machines nationally have violated certain provisions of the TCPA.

16.   Specifically, on February 5, 2014, Universal faxed an advertisement to Plaintiff, annexed hereto as Exhibit A, advertising the commercial availability of Defendant's product- namely an unsolicited ocean and air freight quote. On October 14, 2014, Defendants faxed yet another unsolicited advertisement to Plaintiff. According to information and belief, Defendants fraudulently titled both advertisements as "[q]uotation" to avoid the provisions of the TCPA.

2

## IV.   PLAINTIFFS' CLASS ALLEGATIONS

17. The Plaintiff adopts and incorporates herein by reference all allegations contained hereinabove.

18. The Class which the named Plaintiffs seek to represent consists of any and all individuals who, from 2005 to the present, received one or more unsolicited advertisements, which did not contain opt-out language, via facsimile from Defendants.

19. The members of the Class are so numerous that joinder of all members is impracticable.

20. As of this time, the exact number in the Class is unknown but, according to information and belief, there would be more than one thousand.

21. The Plaintiff's treatment by the Defendants is typical of the members of the Class. Specifically, the Plaintiffs are recipients of unsolicited advertisements, faxes which failed to provide Plaintiff putative class members with an opt out provision or a number to call to elect to opt out from future advertisements.

22. The Plaintiffs will fairly and adequately protect the interests of the class and have retained counsel who are competent and experienced in class litigation.  The Plaintiff has no interests that are adverse or antagonistic to the Class.

23. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.  Since the statutory damages suffered by many Class members may be small (namely $500 per occurrence), the expense and burden of individual litigation makes it virtually impossible for the Class members individually to seek redress for the wrongful conduct alleged. The Act's intent to penalize abusive practices via telemarketing and unsolicited "junk faxing", as document in the legislative record, is realized through the class action mechanism in this matter.

24. Common questions of law or fact exist as to all members of the Class, and predominate over any questions that only affect individual members of the Class.  Among the questions of law or fact common to the Class are:

        a.   Whether Defendants are in violation of the Act?;
        b.   Whether class members were recipients of unsolicited advertisements via facsimile?; and
        c.   Whether the advertisements failed to provide opt out provisions.

25. The Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

26. Notice can be provided to the Class members via First Class U. S. mail, notice by publication, E-mail notice, or other appropriate means as may be directed by the Court.

**COUNT I-**

**DEFENDANT UNIVERSAL'S VIOLATION OF THE**

**THE ACT- UNSOLICITED FACSIMILES**

27. The Plaintiff adopts and incorporates herein by reference all allegations contained hereinabove.

28. The Act makes it unlawful for Defendant Universal to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

29. Defendant Universal did not have an Established Business Relationship, as that term is defined by the Federal Communications Commission or in Act, with Plaintiff. True and correct copies of the Unsolicited Facsimiles received by Plaintiff are annexed hereto as Exhibit "A" and incorporated herein by reference.

30. Said transmission of the Unsolicited Facsimiles, as provided for in Exhibit A, was made without the consent of the Plaintiff, and according to information and belief, without the assent of putative class members.

31. According to information and belief, Defendant Universal's facsimile machines, computers, and other devices are utilized to send unsolicited and authorized promotions to putative class members across the United States to secure leads for future business within the United States, including within the State of Alabama.

32. As a result of said conduct, Plaintiff and putative class members are entitled to statutory damages for each TCPA violation pursuant to 47 U.S.C. §227(b)(3).

33. Defendant's actions and/or those of their agents have shown that Defendant Universal willfully or knowingly violated the TCPA. As such, Plaintiff and putative class members are entitled to treble statutory damages pursuant to 47 U.S.C. §227(3)(c).

**COUNT II-**
**DEFENDANT XU'S VIOLATION OF THE**
**THE ACT- UNSOLICITED FACSIMILES**

34. The Plaintiff adopts and incorporates herein by reference all allegations contained hereinabove.

35. The Act makes it unlawful for Defendant Xu to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

36. Defendant Xu did not have an Established Business Relationship, as that term is defined by the Federal Communications Commission or in the Act, with Plaintiff. True and correct copies of the Unsolicited Facsimiles received by Plaintiff are annexed hereto as Exhibit "A" and incorporated herein by reference.

4

37. Said transmission of the Unsolicited Facsimiles, as provided for in Exhibit A, was made without the consent or assent of the Plaintiff, and according to information and belief, without the assent of putative class members.

38. According to information and belief, Defendant Xu's facsimile machines, computers, and other devices are utilized to send unsolicited and authorized promotions to putative class members across the United States to secure leads for future business within the United States, including within the State of Alabama.

39. Defendant Xu was acting on behalf of Defendant Universal, and according to information and belief, participated in and/or personally authorized the aforementioned conduct.

40. Defendant Xu was acting on behalf of Defendant Universal, and according to information and belief, set or participated in the setting of company policy, and oversaw the day-to-day operations of the conduct described herein.

41. As a result of said conduct, Plaintiff and putative class members are entitled to statutory damages for each Act violation pursuant to 47 U.S.C. §227(b)(3).

42. Defendant's actions and/or those of their agents have shown that Defendant Xu willfully or knowingly violated the Act. As such, Plaintiff and putative class members are entitled to treble statutory damages pursuant to 47 U.S.C. §227(3)(c).

**COUNT III-**

**FAILURE TO PROVIDE THE MANDATORY OPT OUT PROVISION**

43. The Plaintiff adopts and incorporates herein by reference all allegations contained hereinabove

44. Even with consent, the Act requires an opt-out notice. The Act makes it unlawful for Defendants to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States where said advertisement fails to provide the recipient with  a cost-free mechanism to opt out of receiving said transmissions in the future. 47 U.S.C. §227(b)(1)(C)(iii).

45. Defendants unsolicited advertisements failed to provide Plaintiff and putative class members with  a specific notice of opportunity to opt-out of receiving future faxes , which Plaintiff and putative class members could utilize to opt out.

46. As a result of said conduct, Plaintiff and putative class members are entitled to statutory damages for each TCPA violation pursuant to 47 U.S.C. §227(b)(3).

47. Defendants' actions and/or those of their agents have shown that the Defendants willfully or knowingly violated the TCPA. As such, Plaintiff and putative class members are entitled to treble statutory damages pursuant to 47 U.S.C. §227(3)(c).

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs respectfully pray that this Honorable Court will take jurisdiction of this cause and upon the final hearing:

a.    certify this matter as a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure;

b.    declare that the Defendants' practice of sending unsolicited facsimiles to telephone facsimiles nationwide is in violation of the Act;

c.    declare that Defendants' practice of sending facsimiles that fail to provide an opt-out provision is in violation of the Act;

c.    award to the Plaintiffs and putative class members damages under the Act or other such applicable laws;

d.    award to the Plaintiffs and putative class members the cost of this matter, including reasonable attorneys' fee;

e.    issue a permanent injunction enjoining the Defendants from sending facsimiles in a manner which is violative of the Act; and

f.    award to the Plaintiffs and the putative class members such other, further and more general relief as the Court may deem appropriate under these circumstances.

Respectfully submitted on this the 19th day of December, 2014.

/s/ Diandra S. Debrosse Zimmermann
Diandra S. Debrosse Zimmermann

OF COUNSEL:
**Gentle Turner Sexton Debrosse & Harbison**
501 Riverchase Parkway E, Suite 101
Hoover, AL 35244
(205) 716-3000 (telephone)
(205) 716-3010 (facsimile)
Ddebrosse@gtandslaw.com

/s/ James H. McFerrin
James H. McFerrin

OF COUNSEL:
**McFerrin Law Firm**
265 Riverchase Parkway E, Suite 202
Hoover, AL 35244
(205) 870-5704 (telephone)
(205) 250-7675 facsimile)
jhmcferrin@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of December, 2014, a copy of the above and foregoing has been served on the following by sending this date a copy of the same by first class U.S. Mail, postage prepaid and properly addressed as follows:

**Universal Concord Co., Inc.**
c/o Registered Agent Zhiyong Xu
939 S. Atlantic Blvd., #217
Monterey Park, CA 91754

**Zhiyong Xu**
939 S. Atlantic Blvd., #217
Monterey Park, CA 91754

                              /s/ Diandra S. Debrosse Zimmermann
                             Diandra S. Debrosse Zimmermann

# EXHIBIT "A"



**TheShipping.com**

# UniversalConcordCo.

13353 E. Alondra Blvd. Suite 200C  Santa Fe Springs, Ca 90670
TEL.: 562-926-7300  FAX: 562-684-4525 EMAIL: info@theshipping.com

**NO.**   2004  13569

**DATE:**   02/05/2014

## *QUOTATION*

**TO:**   A ROYAL TOUCH INC.               **FM:**     Mike

**RE:**      OCEAN/AIR FREIGHT

I am very pleased to offer you the ocean/air freight with related terms as follows,
a) Universal Concord  Bill of lading will be issued.
b) Duration/expiration date will be indicated.

| Carrier | Port Loading | Port of discharge Place of Delivery | Commodity | Price($) 20'/ 40' / 40'HQ |
|---------|--------------|-------------------------------------|-----------|----------------------------|
| Various | Shanghai /Ningbo | Long Beach | G.M. | 1546/20' 1906/40' 1906/40hq' |
| Various | Hongkong /Yantian | Long Beach | G.M. | 1466/20' 1806/40' 1806/40hq' |
| Various | Qingdao / Xingang | Columbus,Oh/Cleveland, Oh | G.M. | 3095/20' 3895/40' 3995/40hq' |
| Various | Shanghai /Ningbo | Columbus,Oh/Cleveland, Oh | G.M. | 3095/20' 3895/40' 3995/40hq' |
| Various | Shanghai /Ningbo | NEW YORK | G.M. | 2230/20' 2760/40' 2860/40hq' |
| Various | Jakarta / Belawan | Columbus,Oh/Cleveland, Oh | G.M. | 3095/20' 3895/40' 3995/40hq |

\* above rate all inlcude.

Please have your shipper/consignee contact our overseas office for above shipments

Office:                                                      Attn:

Tel:                              Fax:                 E Mail:

*Best Regards*

# UniversalConcordCo.

**TheShipping.com**

13363 E. Alondra Blvd. Suite 200C Santa Fe Springs, Ca 90670
TEL.: 562-926-7300 FAX: 562-684-4525 EMAIL: info@theshipping.com

*NO.* 2004 13793

*DATE:* 10/14/2014

## *QUOTATION*

*TO:* GREAT WORLD COMPANY / MR XIAO          *FM:* Mike

*RE:* OCEAN/AIR FREIGHT

I am very pleased to offer you the ocean/air freight with related terms as follows,
a) Universal Concord  Bill of lading will be issued.
b) Duration/expiration date will be indicated.

| Carrier | Port Loading | Port of discharge Place of Delivery | Commodity | Price($) 20'/ 40' / 40'HQ |
|---------|--------------|------------------------------------|-----------|----------------------------|
| Various | Shanghai /Ningbo | Long Beach | G.M. | 1666/20' 2056/40' 2056/40hq' |
| Various | Hongkong / Yantian | Long Beach | G.M. | 1586/20' 1956/40' 1956/40hq' |
| Various | Qingdao | Long Beach | G.M | 1666/20' 2056/40' 2056/40hq' |
| Various | Shanghai/Ningbo | Houston / New Orleans | G.M | 3160/20' 3895/40' 3995/40hq |
| Various | Chiwan/Yantian | Houston / New Orleans | G.M | 3160/20' 3895/40' 3995/40hq |

* above rate all inlcude.

Please have your shipper/consignee contact our overseas office for above shipments.

Office:                                          Attn:

Tel:                    Fax:               E Mail:

*Best Regards*